**The STATE of Texas, Appellant,**

**v.**

**Irving W. MARKS, Appellee.**

**No. 1324–89.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1992.

Robert A. Shults, Houston, for appellee.

Sam W. Dick, Dist. Atty. and Bryan K. Best and Richard A. Dawson, Asst. Dist. Attys., Richmond, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellee was charged by information with the offense of criminal mischief, specifically, tampering with an electric service meter resulting in a pecuniary loss of at least $200.00, but less than $750.00. Tex. Penal Code Ann. § 28.03(a)(2). The trial court granted appellee's motion to suppress evidence.[1] The State appealed pursuant to Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) and the Court of Appeals reversed. *State v. Marks*, 778 S.W.2d 488 (Tex.App.—Houston [14th Dist.] 1989). Appellee's motion for rehearing was denied. This Court granted appellee's petition for discretionary review to consider two grounds for review.

We have considered the grounds presented and find the Court of Appeals reached the correct result. We find that appellee's

---

**1.** The suppressed evidence included the electric meter, the test results of the meter, and testimony concerning the seizure of the meter.

Petition for Discretionary Review was improvidently granted and is therefore dismissed. As is true in every case where discretionary review is dismissed, the dismissal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). With this understanding, we dismiss appellee's petition for discretionary review.